UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYREON BUFORD,

    Petitioner,                               Civil Case No. 06-13085
                                                HONORABLE PATRICK J. DUGGAN

v.

MILLICENT WARREN,

    Respondent,
    _____/

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

At a Session of Said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 27, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Petitioner Myreon Buford ("Petitioner") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on December 19, 2007. Petitioner filed a notice of appeal and a motion for certificate of appealability on January 22, 2008. *See* 28 U.S.C. § 2253. In his motion for certificate of appealability, Petitioner challenges the Court's analysis of five of the seven grounds that he raised in support of his application for a writ of habeas corpus[1]:

    I. Whether or not petitioner's confession was involuntary and

---

[1] To the extent Petitioner also intends to challenge on appeal the Court's analysis of his remaining two grounds, this Court finds that he is not entitled to a certificate of appealability.

the trial court erred in ruling it admissible without properly evaluating the testimony; use of this involuntary statement against him denied petitioner due process of law. U.S. Const Ams V, XIV; Mich Const 1963, Art 1 § 17.

II. Whether there was insufficient evidence admitted of assault with intent to murder and petitioner's convictions are a violation of due process. U.S. Const Am XIV; Mich Const 1963, Art 1 § 17.

III. Whether petitioner was denied a fair trial and his right to a properly instructed jury by the incomplete and erroneous instructions on felony murder, arson, and alibi; the improper verdict form denied petitioner his right to the presumption of innocence and unfairly emphasized the prosecution's theory. U.S. Const. Ams VI, XIV; Mich. Const. 1963, Art 1 §§ 17, 20.

IV. Whether petitioner was denied a fair trial, his right to effective assistance of counsel, and his right to present a defense when the trial court erroneously ruled that a statement by a tenant in the apartment building that he or she saw three men running away was inadmissible hearsay, and where counsel did not produce or demand, on the record, the production of the witness who made the observation. U.S. Const. Ams VI, XIV; Mich. Const. 1963, Art 1 §§ 17, 20.

V. Whether petitioner must be resentenced because he was sentenced for assault with intent to murder based on inaccurate information. U.S. Const. Am XIV; Mich. Const. 1963, Art 1 § 17.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists

2

> of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal citation and quotation marks omitted). As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court dismissed Petitioner's application for a writ of habeas on its merits. With respect to Petitioner's claim that his confession was involuntary and that it was improperly admitted at trial (Ground I), while the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth in its Opinion and Order of December 19, 2007, the Court believes that the issue may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of this issue. The Court, however, does not find the remaining issues raised in the petition debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issue, only:

> I. Whether or not petitioner's confession was involuntary and

the trial court erred in ruling it admissible without properly evaluating the testimony; use of this involuntary statement against him denied petitioner due process of law. U.S. Const Ams V, XIV; Mich Const 1963, Art 1 § 17.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Myreon Buford, #432664
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI  49788

Brad H. Beaver, Esq.